UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOVON HOWARD,

    Plaintiff,

v.

SHERIFF OF COOK COUNTY, COOK
COUNTY, ILLINOIS, AND
CORRECTIONAL OFFICER LARRY,

    Defendants.

No. 15 C 9384
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Correctional Officer Larry, Sheriff of Cook County and Cook County's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendants' Motion is denied.

**I. BACKGROUND**

Plaintiff Jovon Howard (Howard) was a detainee at the Cook County Jail in October 2013. Defendant Correctional Officer Larry (Larry) was employed as a correctional officer by the Sheriff of Cook County, another defendant in the case. On October 23, 2013, Howard was one of fifty-two detainees transported from the Markham Courthouse to Cook County Jail. Larry was working as a correctional officer in the vehicle that transported Howard. Plaintiff claims that on such journeys, one correctional officer would drive the bus transporting the detainees and two other officers would accompany the detainees to ensure security. Plaintiff also claims that the correctional officers would handcuff the detainees together for the duration of the ride. Howard alleges that during the journey in question he was beaten by several other detainees for about ten minutes while Larry refused to intervene. Upon arrival back at the jail, Plaintiff was treated for

1

his injuries.

Additionally, Plaintiff alleges that a proximate cause of Larry's failure to intervene to stop Howard's beating was the Sheriff of Cook County's deliberate indifference to the need to establish policies and procedures ensuring a safe environment for detainees during transportation. Plaintiff claims that Defendant Sheriff was put on notice of this need multiple times and has been on notice since at least November of 1989, when he was allegedly made aware that detainees have been beaten as they are shuttled to and from court by bus. Plaintiff further alleges that since that date, the Sheriff of Cook County has known that correctional officers working on those buses do not know how to respond to such situations and would therefore merely observe the beatings without intervening. According to Plaintiff, the Sheriff of Cook County was put on notice again in 2010 when the Cook County Jail entered into a consent decree requiring the jail to ensure a reasonably safe environment for its inmates and staff.

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) does not test the merits of a claim, but rather the sufficiency of the complaint. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In addition to the complaint, a court may also consider documents attached to or referenced in the complaint. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir.1998) (quoting *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1249 (7th Cir.1994)). "A complaint should not be dismissed for failure to state [a] claim unless it appears beyond doubt that the plaintiff is unable to prove any set of facts

which would entitle the plaintiff to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 546 (2007).

## III. DISCUSSION

### A. Defendant Officer Larry

Howard claims that Larry violated his constitutional rights by failing to intervene when he witnessed Howard being beaten by other detainees on the bus. Defendant moves for dismissal of the complaint against Larry, claiming that Larry had no constitutional duty to intervene in a fight among detainees when intervening would unreasonably place him in significant danger.

Because Howard was a pre-trial detainee, his §1983 claim is properly considered under the Due Process Clause. *Washington v. LaPorte County Sheriff's Dept.*, 306 F. 3d 515, 517 (7th Cir. 2002). Correctional officers "have a duty to protect inmates from violence at the hands of other inmates." *Id.* However, failure to fulfill that duty constitutes a violation of a detainee's constitutional rights only "if there was a risk of injury that objectively was 'sufficiently serious,' and if the officials showed 'deliberate indifference' to that substantial risk. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

"Demonstrating deliberate indifference toward a prisoner's safety requires a showing that an inmate was 'incarcerated under conditions posing a substantial risk of serious harm' and a showing that individual prison officials had subjective knowledge of the risk of harm, which they personally disregarded." *Grieveson v. Anderson*, 538 F. 3d 763, 775 (7th Cir. 2008) (citing *Palmer v. Marion County*, 327 F. 3d 588, 593 (7th Cir. 2003) (internal quotations and citation omitted)). With respect to the severity of the risk of harm, in *Grieveson*, the Seventh Circuit deemed an assault on a detainee by fellow inmates to be "an objectively serious danger that posed a substantial risk of harm" to the victim. *Grieveson*, 538 F. 3d at 778 (7th Cir. 2008). This

is precisely the danger to which Plaintiff Howard was subjected. The required establishment of subjective knowledge is satisfied when the prison official has "*actual* knowledge of the risk." *Washington*, 306 F. 3d at 518 (emphasis in original). Here, Howard has alleged actual knowledge by claiming that the defendant personally witnessed his beating at the hands of other detainees on the bus. Indeed, "[w]itness[ing] an inmate assault, but fail[ing] to intervene…would seemingly 'constitute a paradigm case of deliberate indifference.'" *Grieveson*, 538 F. 3d at 778 (citing *Haley v. Gross*, 86 F. 3d 630, 642 (7th Cir. 1996)).

Defendant argues that Larry did not act with deliberate indifference in the face of Howard's beating because "[a] prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy." *Guzman v. Sheahan*, 495 F. 3d 852, 858 (7th Cir. 2007). Although the law that Defendant cites is relevant and may ultimately prove decisive in this case, it would be premature to grant his motion to dismiss at this stage based on assessments of reasonableness of Larry's actions and the risk faced by both Larry and Howard without further development of the factual record. Howard has stated a plausible claim against Larry by alleging a substantial risk of serious harm to the Plaintiff, Larry's subjective awareness of such a risk, and Larry's failure to act. Therefore, Howard's complaint survives Defendant Larry's motion to dismiss.

## B. Defendant Sheriff of Cook County

Plaintiff alleges liability on the part of the Sheriff of Cook County based on the Sheriff's lack of an official policy or practice requiring intervention in fights between prisoners, his deliberate indifference to the need to develop such policies, and Plaintiff's injuries that allegedly resulted from the lack of these policies. Such liability would arise under *Monell v. N.Y.*

*Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *Monell* provides that a "local governing body" may accrue liability when an unconstitutional act of an individual exercising the authority of that governing body "is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Id*. at 690.

Howard implicitly advances his claim under the second approach. He alleges that there was either a widespread unofficial policy to not intervene in detainee beatings during bus transportation or that the Sheriff's Office was aware of the need for a policy outlining proper safety procedures and was deliberately indifferent to that need. Such a theory requires the plaintiff's "showing a series of bad acts and inviting the court to infer from them that the policymaking level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned, thus in either event adopting, the misconduct of subordinate officers." *Jackson v. Marion County*, 66 F. 3d 151, 152 (7th Cir. 1995). To establish liability, "the plaintiff must introduce evidence demonstrating that the unlawful practice was so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision." *Phelan v. Cook County*, 463 F. 3d 773, 790 (7th Cir. 2006).

In order to withstand a motion to dismiss on a *Monell* claim, Plaintiff must "plead factual content that allows the court to draw the reasonable inference that the [local governing body] maintained a policy, custom, or practice," or a lack thereof that caused the constitutional violations alleged. *McCauley v. City of Chicago*, 671 F. 3d 611, 616 (7th Cir. 2011) (internal quotation omitted). Where the plaintiff advances a theory of deliberate indifference on the part of the governing body, "proof of isolated acts of misconduct will not suffice; a series of violations must be presented to lay the premise of deliberate indifference" *Palmer v. Marion County*, 327 F.

5

3d 588, 596 (7th Cir. 2003). Defendant argues that "Plaintiff fails to plead any factual allegations, let alone sufficient factual allegations" to support its *Monell* claim.

However, "[t]he Supreme Court has made it very clear that federal courts must not apply a heightened pleading standard in civil rights cases alleging §1983 municipal liability." *McCormick v. City of Chicago*, 230 F.3d 319, 323 (7th Cir. 2000) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993)). The Seventh Circuit has interpreted this mandate to allow "conclusory" *Monell* complaints to survive motions to dismiss when they are "sufficient to put the [local governing body] on notice of [plaintiff's] claim against it" and if the plaintiff gives the defendant "notice of the crux of the plaintiff's charges" and does not "[leave] out facts necessary to give the defendants a complete understanding of the claims made against them." *McCormick v. City of Chicago*, 230 F.3d at 325; see also *Johnson v. City of Chicago*, 2010 WL 4790905, at *1 (N.D.Ill. Nov.18, 2010) (citing *Riley v. County of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. 2010) ("If a *Monell* claim provides fair notice of the nature of the wrongdoing alleged, it can survive a motion to dismiss even if its allegations of the existence of a municipal policy are conclusory.") In *McCormick*, for example, the Seventh Circuit found McCormick's conclusory allegations, such as a claim that the City "'encouraged and condoned acts and omissions of its highest level policy-making officers' which resulted in a 'widespread custom of allowing white police officers' to discriminate against African-American officers without fear of punishment" to constitute an adequate pleading. *Id*. (internal clarification brackets omitted). Courts in the Northern District of Illinois have continued to allow conclusory pleading for *Monell* claims even after *Twombly* and *Iqbal*. See *Padilla v. City of Chicago*, No. 07-CV-5253, 2011 WL 3793413, at *5 (N.D. Ill. Aug. 24, 2011); *Serna v. Sears*, No. 13-CV-03359, 2015 WL 3464460, at *3 (N.D. Ill. May 29, 2015).

6

In arguing that the Cook County Sheriff was on notice of the need to develop policies ensuring a safe transportation environment where detainees did not risk assault at the hands of other detainees, Plaintiff cites two examples that are largely unrelated to his claim. The first event that Plaintiff claims should have put the Cook County Sheriff on notice occurred in 1989. In that instance, like Howard, Plaintiff Ontario Anderson sued the Cook County Sheriff's Department due to events surrounding his transportation from Cook County Jail to the Markham Courthouse. *Anderson v. O'Grady,* 1991 WL 98962 (N.D.Ill. June 3, 1991). However, those events were markedly different from the case at bar. Anderson was injured when an allegedly intoxicated correctional officer drove the bus in which Anderson was transported, caused a car accident, and then immediately left the scene of the accident without seeking medical treatment for detainees who were injured in the accident. *Id*. Jail staff allegedly neglected Anderson's injuries for days after the accident. By contrast, Howard alleges a correction officer's failure to intervene was the cause of his injuries and that the injuries were timely treated at the jail. Moreover, an isolated and factually dissimilar incident that occurred twenty-seven years ago is hardly sufficient to put the Sheriff on notice of the problem complained of here.

Second, Plaintiff argues that a 2010 consent decree that the Cook County Jail entered into with the United States put the Cook County Sheriff on notice by requiring the Cook County Jail to maintain policies and procedures to ensure a reasonably safe environment for its inmates and staff. *United States v. Cook County*, No. 10-cv-2946, ECF No. 3-1, ¶ 32(a). Yet Plaintiff makes no reference to any specific provisions of the consent agreement pertaining to protecting detainees from violent assault while being transported by bus, and the general language he cites does not necessarily apply to this situation.

Nevertheless, while Howard cites tangentially related materials that fall far short of

7

supporting a *Monell* claim that would survive summary judgment, he has met the minimal standard required to withstand a motion to dismiss by alleging that the Sheriff's "deliberate indifference . . . to the need to establish policies and procedures to establish a reasonably safe and secure environment for detainees" was a proximate cause of Plaintiff's injuries. The complaint's *Monell* claim, while "conclusory," is both plausible and "sufficient to put the [local governing body] on notice of [plaintiff's] claim against it. *McCormick*, 230 F.3d at 325. Therefore, in light of the permissive pleading standard for *Monell* claims, Plaintiff's complaint against the Sheriff of Cook County survives Defendant's motion to dismiss.

### C. Defendant Cook County

Cook County is named as a Defendant pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003). As Defendant's motion to dismiss both the claims against Larry and the Sheriff of Cook County has been denied, Howard's claim against Cook County stands.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

ENTER:

James B. Zagel
United States District Judge

DATE: August 16, 2016

8